## McNeill v. Ginsberg

*John R. Padova, Jr.,* for plaintiff.
*Harold L. Frank,* for defendants.

SALUS, *J.,* January 24, 1996—This appeal stems from the court's orders of November 1 and November 13, 1995, granting the motion for summary judgment of defendants Morton L. Ginsberg and the Lynnewood Gardens Apartments. Plaintiff Edna McNeill contends that the court erred in entering summary judgment where plaintiff was a business invitee, there existed substantial questions of material fact and defendants breached their duty to warn plaintiff of and/or repair a hazardous condition on defendants' property. Plaintiff's contentions are addressed below.

## FACTUAL AND PROCEDURAL HISTORY

On January 8, 1993, plaintiff, age 76, was returning to her home in the Lynnewood Gardens Apartments after a morning of grocery shopping. There was a light but steady rain falling, and, due to the weather conditions and her numerous packages, plaintiff elected not to park her car in the designated parking area but to seek on-street parking nearer to her apartment. No on-street parking was available, so plaintiff parked illegally in a driveway area for the purpose of unloading her groceries as quickly as possible. By parking in this area and taking a short cut across the grass, plaintiff estimated

that she would only have to carry her groceries a distance of 15 feet. Deposition of Edna McNeill at 25. By parking in the designated lot and utilizing the sidewalk, plaintiff estimated she would have had to carry her groceries a distance of 75 feet, which plaintiff characterized as "inconvenient." *Id.* at 20, 24.

Plaintiff decided to first take her purse into the apartment before carrying the groceries inside. She crossed the grassy area without incident, dropped her purse on the apartment steps, and set out back to her car. Plaintiff walked across the grass without looking at the ground, although she was aware of the area being muddy and covered with wet leaves. *Id.* at 22-23. As plaintiff reached the point of the grass which sloped down to her car, she suddenly fell, breaking her left ankle. Plaintiff admits that she did not see what caused her fall, but nonetheless places the blame upon an exposed root near a tree by which plaintiff had passed. *Id.* at 24.

On January 14, 1994, plaintiff brought suit against defendants, alleging that their negligence in maintaining the area and/or failing to warn of the danger caused her injuries. Defendant filed a motion for summary judgment on May 23, 1995, which the court granted by orders of November 1 and November 13, 1995. This appeal followed.

## DISCUSSION

Summary judgment is appropriate in matters which are free and clear from doubt and in which there are no genuine issues of material fact. *Santillo v. Reedel,* 430 Pa. Super. 290, 294, 634 A.2d 264, 266 (1993). On a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the mov-

ing party. *McConnaughey v. Building Components Inc.,* 536 Pa. 95, 98, 637 A.2d 1331, 1333 (1994). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the conclusion that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Banks v. Trustees of University of Pennsylvania,* 446 Pa. Super. 99, 103, 666 A.2d 329, 331 (1995).

To establish a case in negligence, a plaintiff must prove (1) the existence of a duty or obligation recognized by law, (2) a breach of that duty by defendant, (3) a causal connection between defendant's breach of duty and plaintiff's resulting injury, and (4) actual loss or damage suffered by plaintiff. *Reilly v. Tiergarten Inc.,* 430 Pa. Super. 10, 14, 633 A.2d 208, 210 (1993), *appeal denied,* 538 Pa. 673, 649 A.2d 674 (1994). Here, plaintiff has failed to demonstrate the existence of a duty on the part of defendants to repair and/or warn plaintiff of the condition of the lawn. Further, plaintiff is unaware of the actual cause of her injury, and the circumstances indicate numerous possibilities for the cause of plaintiff's fall. For these reasons, the entry of summary judgment was appropriate.

In *Gilligan v. Villanova University,* 401 Pa. Super. 113, 584 A.2d 1005 (1991), the Superior Court considered a factual situation similar to the instant case. In *Gilligan,* a plaintiff was injured when, in poor weather conditions, he elected not to take the indirect sidewalk route to his destination, but rather chose to traverse a more direct grassy path. *Id.* at 115, 584 A.2d at 1006. Due to snowy conditions and the uneven lay of the land, the footing in the grassy area was uncertain, and plaintiff fell and was injured. *Id.* In affirming the trial court's entry of nonsuit, the Superior Court emphasized

the existence of the alternate, paved route. *Id.* at 118, 584 A.2d at 1008. The Superior Court further noted that plaintiff offered no evidence that this sidewalk route was improperly maintained, nor did plaintiff offer any expert testimony to establish a duty of defendant to provide a sidewalk in the area where plaintiff fell. *Id.* In conclusion, the court stated:

"[Plaintiff] has merely established that he voluntarily chose to walk upon an allegedly snow-covered grassy area, not intended to be traversed by pedestrians, and subsequently fell. On these facts, we agree with the trial court that appellant has failed to state a cause of action in negligence." *Id.*

In this case, plaintiff admitted that defendants provided her with a sidewalk connecting her designated parking area with her apartment. Plaintiff did not contend that this sidewalk was improperly maintained or inadequate. In fact, plaintiff normally traveled on the sidewalk in going to and from her car. On the day in question, however, plaintiff chose to park illegally and walk a more direct route, across the grass, to her apartment. Plaintiff chose this path only out of convenience: it was raining, she had a number of packages to carry inside and the path across the grass would save her 60 feet of walking. The area that plaintiff chose to traverse was muddy, covered in wet leaves and sloped. Further, the area had exposed roots from an old tree. Under these circumstances, the court determined, as did the Superior Court in *Gilligan,* that plaintiff failed to set forth a cause of action in negligence.

Plaintiff makes much of her status as a business invitee in decrying the court's entry of summary judgment. According to plaintiff, defendants owed her the duty of covering every exposed root on the grounds and/or posting warning signs in every grassy area which per-

sons might be tempted to traverse in lieu of the provided sidewalks. The court disagrees. A possessor of land owes an invitee the duty to protect the invitee from foreseeable harm. *Banks, supra* at 104, 666 A.2d at 331. Where conditions on the land are known to or discoverable by the possessor, he is subject to liability only where he:

"(a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

"(b) should expect that [the invitee] will not discover or realize the danger, or will fail to protect themselves against it and

"(c) fails to exercise reasonable care to protect [the invitee] against the danger." *Id.* (citing Restatement (Second) of Torts, §341).

Further, "the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee." *Id.* at 104, 666 A.2d at 332 (quoting *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 123 (1983)).

Here, defendants had no reason to believe that the conditions of the grassy area posed any unreasonable risk of harm to plaintiff. The area contained only naturally occurring conditions, such as tree roots and mud, and defendants provided plaintiff with a safe, convenient sidewalk as a means of avoiding this area. Defendants also had no reason to expect that plaintiff would not realize the danger in deviating from the sidewalk to cross a landscaped area in bad weather. Any ordinarily prudent person would realize that crossing an unpaved area in inclement weather poses a significant risk of falling due to mud, leaves or tree roots. Further, the hazardous condition of the land was obvious and was known to plaintiff. She admits to crossing the same

area of the grass to deposit her pocketbook on the apartment steps. She admits that she was aware of the condition of the ground. There is no question that plaintiff, by virtue of her first venture across the grass, had notice of the wet and muddy conditions and of the existence of any obstacles therein. Plaintiff, however, nevertheless chose to take her chances on a return trip across the grass despite her awareness of the obstacles in her path.

In the context of this case, defendants had only the duty of providing a reasonable and safe means of travel between plaintiff's apartment and the designated parking area. It is uncontroverted that defendants met this duty. Plaintiff's voluntary decision to eschew the sidewalk for a grassy path wrought with obvious danger was unforeseeable to defendants and exceeded the scope of defendants' duty to plaintiff.

Additionally, plaintiff is unable to set forth the cause of her injury with any degree of certainty. It is well-established that a cause of action cannot be premised upon mere speculation or conjecture. *Orner v. Mallick*, 432 Pa. Super. 580, 583, 639 A.2d 491, 492 (1994). Here, plaintiff admits that she does not know what caused her to fall. While she speculates that she tripped over an exposed root, plaintiff's own deposition testimony indicates that she may have slipped in mud, on wet leaves or simply upon the incline in the lawn. Given the weather and ground conditions, plaintiff's fall could have been caused by any number or combination of factors. Because plaintiff was unable to satisfy the elements of either duty or causation, the court's entry of summary judgment was proper.

For the foregoing reasons, this court's orders of November 1 and November 13, 1995 should be affirmed.