**Aaron KAPLAN and Judith Kaplan**

v.

**EXXON CORPORATION**

v.

**JAMES J. ANDERSON CONSTRUCTION, CO., INC. and James D. Morrissey, Inc.**

**Civil Action No. 95–CV–1942.**

United States District Court, E.D. Pennsylvania.

May 13, 1996.

Richard J. Heleniak, Cutler, Clemm & Morris, P.C., Plymouth Meeting, PA, for Plaintiffs.

Richard E. Stabinski, Phillips and Phelan, Philadelphia, PA, for Defendant: Exxon Corp.

Elizabeth Utz Witmer, Duane, Morris & Heckscher, Wayne, PA, for Defendant: James J. Anderson Construction Co., Inc.

Mary Kay Schwemmer, White and Williams, Philadelphia, PA, for Defendant: James D. Morrissey, Inc.

## MEMORANDUM

JOYNER, District Judge.

This action arises under our diversity jurisdiction. The following facts are culled from the Complaint as well as evidence proffered to this Court in the briefing of this Motion for Summary Judgment. Disputed facts will be noted as such.

On March 22, 1993, Plaintiff Judith Kaplan was waiting for a SEPTA bus with three other people on Levick Street in Philadelphia, Pennsylvania in front of property owned by Defendant Exxon Corporation. Nine days earlier, a major snow storm had occurred and a large amount of snow still remained on the ground. The two center lanes of Levick Street had been plowed and the snow moved to the curb lanes. The snow created a three-foot high mound that began at a fire hydrant located between the corner of Levick Street and the bus stop. The mound continued to about half-way down Levick Street and was between two and three feet wide. A key issue in this case is whether the mound was only in the street or whether it extended onto the sidewalk as well.

When the bus arrived at the stop, Ms. Kaplan and the three other people took turns climbing the mound of snow to cross from the sidewalk to the street and the waiting bus. A woman crossed before her with obvious difficulty and needed the help of two men to help her down the slope. When Ms. Kaplan reached the top of the slope she slipped and fell and broke her leg.

It appears that the sidewalk was largely clear of snow and ice and that Ms. Kaplan had experienced no trouble walking on the sidewalk from the corner to the bus stop. In addition, Ms. Kaplan apparently could have avoided the snow mound by walking a short distance up Levick Street to the fire hydrant, entering the street at that point and then walking back to the bus. However, Ms. Kaplan testified that the bus was on a time schedule and that she believed the bus would leave without her if she took this alternate route.

As a result of the accident, Ms. Kaplan brought this suit against Exxon. It alleges negligence for failing to keep the sidewalk abutting its property clear and related breaches of duty. There is also a claim of loss of consortium by Mr. Kaplan. Exxon, in turn, has brought a third-party complaint against the contractors who were hired by the City of Philadelphia to plow the Levick Street neighborhood.

### Standard of Review

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must

determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

## Discussion

Exxon bases its motion for summary judgment on three arguments: (1) that there is no proximate cause because Ms. Kaplan did not slip and fall on the sidewalk, but on the street; (2) that it had no duty to keep the street free of snow and ice and (3) that it was relieved of a duty to protect Ms. Kaplan when she voluntarily confronted a "known and obvious danger" by climbing the snow mound.

### 1. Proximate Cause

■ First, Exxon contests the basic premise of Ms. Kaplan's case; that her accident occurred on the sidewalk abutting its property. It cites to her deposition testimony as well as the testimony of several eyewitnesses and the bus driver. Each person testified that the mound of snow was between the bus stop sign and the bus. They each also testified that the mound was in the street. Further, Exxon presents the same deponents' testimony that the top of the mound, where Ms. Kaplan began to slip, was in the street and that when Ms. Kaplan fell and broke her leg, she landed in the street, in a portion cleared of snow.

According to Exxon, therefore, there is no dispute that the accident actually occurred in the street and therefore there is no proximate cause between its duty to clear its sidewalk and Ms. Kaplan's injury in the street.

In rebuttal, Plaintiffs contend that there is an issue of fact as to whether the snow mound existed on the sidewalk as well as the street and whether the top of the mound was on the sidewalk or in the street. They point out that the testimony is that the mound actually began at the bus stop sign, which was on the sidewalk, and then continued into the street.

We find that there is a material issue of fact as to where the mound of snow began or where its top was, and so deny Exxon's motion based on proximate cause.

### 2. Duty

Exxon's second argument is based on the idea that there is no evidence that there was snow on the sidewalk. It argues that if Plaintiffs argue in the alternative that it had a duty to clear the street, that it is entitled to summary judgment. Plaintiffs do not make such a claim and so we move on.

### 3. Known and Obvious Danger

■ Finally, Exxon demands summary judgment on the basis of the known danger doctrine. This rule provides that when "an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them" the landowner is under no duty to protect against those risks. *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120, 125 (1983). A danger is "known" if it is known to exist and known to be "dangerous and the probability and gravity of the threatened harm [is] appreciated." *Id.* 469 A.2d at 124. A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *Id.* at 123. The danger must also be unchanging from the time it is perceived to the time the accident occurs. *Malinder v. Jenkins Elevator and Mach. Co.,* 371 Pa.Super. 414, 538 A.2d 509, 514 (1988).

■ Exxon argues that the snow mound's danger was obvious and known to Ms. Kaplan. They cite to her deposition where she testified that another woman had difficulty climbing the snow mound and needed the help of two men to descend. Ms. Kaplan also testified that one of the men told her that the mound was icy. Exxon compares these facts to other situations where the known and obvious danger rule has been applied to dismiss a plaintiff's claims.

In *Carrender,* Pennsylvania's Supreme Court held that a plaintiff had knowingly relieved the landowner of a duty to protect when she attempted to cross a large patch of ice that she knew was there. *Id.* 469 A.2d at 125. Similarly, in *Malinder,* 538 A.2d at 515, the plaintiff hailed a freight elevator by sticking his head into the elevator shaft and yelling. The Superior Court held that he could not recover for his damages from being hit on the head by the elevator because the danger was known, obvious and unchanging. *Id.* at 514. Many other courts have used similar logic to dismiss claims where plaintiffs voluntarily placed themselves in the paths of known and obvious dangers. *See e.g. Banks v. Trustees of Univ. of Pa.,* 446 Pa.Super. 99, 666 A.2d 329, 332–33 (1995) (to avoid demonstrators, plaintiff took one of several alternate routes and climbed and then fell off a four foot wall; landowner not liable for not warning of this known and unchanging danger); *Chiricos v. Forest Lakes Council Boy Scouts,* 391 Pa.Super. 491, 571 A.2d 474, *app. denied,* 527 Pa. 628, 592 A.2d 1296 (1990) (plaintiff voluntarily stood in front of a moving, trespassing vehicle to stop it; landowner not liable for not keeping trespassers off land).

Plaintiffs agree with this statement of the law, but contend that Ms. Kaplan did not voluntarily confront this danger, and so the doctrine does not apply to her. They argue that Ms. Kaplan had no viable alternative to climbing the snow mound because she was afraid the bus would leave if she took the alternate route around the fire hydrant. Further, Plaintiffs assert that Ms. Kaplan's decision to cross the mound was reasonable because three other people had just climbed and successfully descended the snow mound before her. However, Plaintiffs' own evidence indicates that Ms. Kaplan was aware that those people had difficulty crossing the mound. Based on these arguments, Plaintiffs insist that there is at least a question of fact as to whether Ms. Kaplan voluntarily confronted a known and obvious danger.

We ask first whether the danger presented by the mound was known and obvious. The uncontroverted testimony is that Ms. Kaplan was told the mound was icy and saw another woman have difficulty and require the assistance of two men to cross. Whether other people had successfully crossed the mound in no way detracts from the evidence that the mound was dangerous. We point out that there is absolutely no evidence that Ms. Kaplan believed the mound was not dangerous because three people had already safely crossed it. Accordingly, we find that there is no question that the snow mound created a known and obvious danger.

The next question is whether Ms. Kaplan voluntarily confronted this danger. She testified that she was compelled to cross the mound in order to board the bus. She also testified that there was an alternate, safe path to the bus. In many other cases, including the ones cited above, courts have held as matters of law that plaintiffs' excuses did not relieve them of the consequences of their actions. *Malinder,* 538 A.2d at 515; *see also Himes v. New Enterprise Stone & Lime Co.,* 399 Pa.Super. 301, 582 A.2d 353 (1990), *app. denied,* 527 Pa. 618, 590 A.2d 758 (1991); *Kabo v. UAL, Inc.,* 762 F.Supp. 1190, 1194 (E.D.Pa.1991). We find that, as a matter of law, Ms. Kaplan was not compelled to cross the snow mound to the exclusion of any other course of action. It was her own idea to cross there as opposed to at a nearby, safe location and she is not relieved of independent judgment simply because other people had already safely crossed the mound. *Himes,* 582 A.2d at 357 (plaintiff noticed dangerous condition on first, safe trip across bridge; bridge-owner not liable when plaintiff injured on return trip across bridge); *Carrender,* 469 A.2d at 123 (plaintiff successfully walked across ice from car; landowner not liable when plaintiff injured on return trip across ice to car).

Accordingly, we find that Ms. Kaplan voluntarily confronted the danger created by the mound and therefore, summary judgment is appropriately granted on the negligence claim against Exxon. Mr. Kaplan's loss of consortium claim is derivative of his wife's claim and as a result, summary judgment is likewise appropriate on that claim.

An appropriate Order follows.

## ORDER

AND NOW, this 13th day of May, 1996, upon consideration of Defendant Exxon Corporation's Motion for Summary Judgment and responses thereto, the Motion is hereby GRANTED and summary judgment is hereby granted in favor of Defendant and against Plaintiffs.