**Riese v. Super Truck Service Inc.**

C.P. of Lackawanna County, no. 06 CV 6281.

*Brian Walsh*, for plaintiffs.

*Patrick J. Murphy*, for defendants Super Truck Service Inc. and Eric Curtis.

*Daniel E. Cummins*, for defendant C&M Sales Inc.

MINORA, *J.*, November 1, 2010—The issues before the court are the motions for summary judgment by defendant C&M Sales, Inc. and defendants Eric Curtis and Super Truck Service, Inc.

## FACTUAL AND PROCEDURAL HISTORY

This case was commenced by plaintiffs, Timothy Riese and Regina Angeli-Riese, filing a complaint in negligence for an automobile/tractor trailer accident occurring on or about November 23, 2005 on Interstate 81 in Lackawanna County.

While traveling south on Interstate 81, plaintiff Timothy Riese was stopped in a line of traffic in the left lane. The operator of the tractor trailer, Eric Curtis, collided with the rear of the stopped Riese vehicle, driving the Riese vehicle into a second vehicle which was ultimately driven into a third vehicle.

As a result of the accident, plaintiff Timothy Riese sustained significant and permanent injuries to his lumbar spine which required him to undergo two back surgeries including a spinal fusion surgery at two levels of his lumbar spine. Plaintiff Timothy Riese has been unable to return to his occupation as the director of manufacturing at Laminations, Inc.

Plaintiffs initiated this action by filing a complaint against defendants Super Truck Service, Inc. and Eric Curtis in the Court of Common Pleas of Luzerne County on September 7, 2006. On November 7, 2006, a court order transferred the case to this court. On March 20, 2007 Super Truck Service, Inc. and Eric Curtis filed their answer and new matter to plaintiffs' complaint.

In their answer and new matter, Super Truck Service, Inc. and Eric Curtis averred that Eric Curtis was an employee of C&M Sales, Inc. at the time of the accident of November 23, 2005. The plaintiffs then filed an amended complaint on or about July 21, 2007, naming Super Truck Service, Inc., Eric Curtis, and C&M Sales, Inc. as defendants. Count I of plaintiffs' amended complaint is a claim for negligence, recklessness, and carelessness against Eric Curtis seeking compensatory and punitive damages. Count II of the amended complaint is a claim for negligence, recklessness, and carelessness against Super Truck Service, Inc. and C&M Sales, Inc. seeking compensatory and punitive damages. Count III is a separate and independent claim for punitive damages against the defendants alleging that the actions of defendants were outrageous, willful, wanton, malicious, careless, and in wanton disregard for the rights and safety of plaintiff.

Each of the defendants in this matter have filed motions for summary judgment alleging that there are insufficient facts to allow plaintiffs' claim for punitive damages to go to the jury. Additionally, each corporate

defendant has filed a motion for summary judgment claiming that it was not the employer of Eric Curtis at the time of the accident, i.e. each claims that the other was Curtis's employer. Both parties agreed to have the issue decided on briefs without the necessity of oral argument. We now find this issue ripe for disposition.

## LEGAL STANDARD

Motions for summary judgment are governed by Pa.R.C.P. 1035.2, which states:

After the relevant pleadings are close, but within such time as not to unreasonably delay the trial, any party may move for summary judgment in whole or in part as a matter of law.

(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.[1]

Summary judgment may be granted only if "the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter

---

1. Pa.R.C.P. 1035.2

of law, and the moving party has the burden of proving no genuine issues of fact exist." *Abrams v. Pneumo Abex Corp.*, 939 A.2d 388, 390 (Pa. Super. 2007). A material fact is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic.*, 751 A.2d 662, 664 (Pa. Super. 2000). A proper grant of summary judgment depends upon an evidentiary record that either: 1) shows that the material facts are undisputed; or 2) contains insufficient facts to make out a prima facie cause of action or defense and therefore, there is no issue to submit to jury. *Gateway Towers Condominium Ass'n v. Krohn*, 845 A.2d 855, 858 (Pa.Super. 2004); See also Pa.R.C.P. 1035.2. For purposes of a summary judgment motion, a nonmoving party may not rely merely upon allegations in pleadings, but must set forth specific facts by way of affidavit or in some other way to demonstrate that genuine issue of material fact exists. *Banks v. Trustees of University of Pennsylvania*, 666 A.2d 329 (Pa. Super. 1995), See also: Pa.R.C.P. 1035.3(a).

However, "summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of a triable issue of material fact." *Northern Tier Solid Waste Authority v. Com., Dept. of Revenue*, 860 A.2d 1173, 1182 (Pa. Cmwlth. 2004). "In determining whether to grant summary judgment, the court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party."

*Craig v. Amateur Softball Ass'n of America*, 951 A.2d 372, 375 (Pa.Super. 2008).

## LEGAL ANALYSIS

1. *Defendants' motion for summary judgment on the issue of punitive damages*

The Pennsylvania Supreme Court set forth the standard for punitive damages in 2005:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct.

*Hutchison v. Luddy*, 582 Pa. 114, 121, 870 A.2d 766, 770 (Pa. 2005) (citations omitted).

The defendants contend that their conduct did not rise to the level of willful, wanton, or reckless. Defendants argue that there is no evidence that Eric Curtis operated his tractor trailer in a reckless manner. However, defendants fail to consider that punitive damages may not only be awarded on the basis of vicarious liability, but on the outrageous conduct of the corporate defendants themselves.

Through their expert, plaintiffs have proffered

instances of conduct by the corporate defendants which could be considered outrageous and thus, sufficient to award punitive damages. A non-exhaustive list of examples includes the following: (1) Neither Super Truck Service nor C&M Sales made any effort to account for the hours worked or to comply with the Federal Motor Carrier Safety Regulations (FMCSR) that limits the hours a driver may work in a 7-day period; (2) Super Truck Service, Inc., and its management violated FMCSR Part 391, when they hired Eric Curtis, a driver who had been in multiple collisions and had arguably proven himself unable to safely operate a commercial motor vehicle; (3) Super Truck Service, Inc. failed to provide safety related training to Eric Curtis during the scope of his employment; (4) Super Truck Service, Inc. had no log audit program and did nothing to ensure that their drivers were operating within the hours limitations set forth in the FMCSR; (5) Super Truck Service, Inc. and C&M Sales, Inc. were aware of the FMCSR and intentionally violated them by allowing and encouraging Eric Curtis to falsify his logs.

Certainly a jury could conclude that this conduct as alleged and if believed by the jury is outrageous. Thus, plaintiffs have averred facts sufficient to support a claim for punitive damages. Defendants' motions for summary judgment on the issue of punitive damages are therefore denied with respect to counts I and II of the plaintiffs' amended complaint.

However, defendants are correct to assert that punitive damages are ancillary to a claim and not an independent

cause of action in and of themselves. *McClellan v. Health Maintenance Organization of Pennsylvania*, 604 A.2d 1053 (Pa. Super. 1992). Therefore defendants are therefore entitled to summary judgment on count III of plaintiffs' amended complaint. Plaintiffs acknowledge this fact and do not dispute it. As such, defendants' motions for summary judgment on the issue of punitive damages are granted with respect to count III of the plaintiffs' amended complaint.

*2. Defendants' motions for summary judgment on the issue of defendant Curtis's employment*

Super Truck Service, Inc. contends that it was not the employer of Eric Curtis at the time of the accident and that it was in fact C&M Sales, Inc. that employed Curtis. To this end, Super Truck Service, Inc. submits (1) that it does not have any salaried employees, a payroll, or any type of workers' compensation insurance, (2) that C&M Sales, Inc. was responsible for the payment of Eric Curtis's wages, payroll taxes, and workers' compensation insurance, and (3) that the tractor trailer involved in the accident was owned by C&M Sales, Inc. and leased to Super Truck Service, Inc.

At the same time, defendant C&M Sales, Inc. contends that it was not the employer of Eric Curtis at the time of the accident and that it was in fact Super Truck Service, Inc. that employed Curtis. C&M Sales, Inc. supports this proposition by citing several facts and admissions: (1) Eric Curtis was driving a truck labeled as a Super Truck Service, Inc. truck at the time of the accident;

(2) Super Truck Service, Inc. admits in the pleadings that Eric Curtis was within the right of control of Super Truck Service, Inc at the time of the accident; (3) Admissions by Eric Curtis and Robert Terrel, the president of Super Truck Service show that Mr. Curtis was an employee of Super Truck Service, Inc at the time of the accident; (4) Admissions by Melvin and Clara Plucknett, the president and secretary of C&M Sales, Inc., also establish that Curtis was an employee of Super Truck Sales, Inc. at the time of the accident.

Plaintiffs submit that C&M Sales, Inc. and Super Truck Service, Inc. entered into a joint venture and that Eric Curtis was actually employed by both corporations at the time of the accident.

The central question in these summary judgment proceedings is not whether Mr. Curtis was an employee of each corporate entity, but whether each entity controlled or had the right to control Mr. Curtis's truck driving activities at the time of the accident. Therefore, in order for either defendant to succeed in its motion, it must prove that no genuine issue of material fact exists as to its control or lack of control of Mr. Curtis's truck driving activities at the time of the accident sufficient to cause this case to be submitted to a jury for its consideration.

Each party has presented and argued several indicia of employment and control that support their respective

positions.[2] As the Supreme Court has stated, "[w]here, as here, it is not entirely clear who is the controlling master of the borrowed employee, and different inferences in that regard can fairly be drawn from the evidence, it is for the jury, not the court, to determine the question of agency." *Lynn v. Cepurneek*, 508 A.2d 308, 316 (Pa. Super. 1986) (quoting *Kimble v. Wilson*, 352 Pa. 275, 286-87, 42 A.2d 526, 531 (Pa. 1945)).

Thus, the court concludes a genuine issue of material fact exists. Defendants' motions for summary judgment on the issue of defendant Curtis's employment are therefore denied. An appropriate order will follow.

## ORDER

And now, on this November 1, 2010, upon consideration of the pleadings and their supporting briefs, it is hereby ordered as follows:

1. Defendants' motions for summary judgment on the issue of punitive damages are denied and dismissed with respect to counts I and II of plaintiffs' amended complaint and granted with respect to count III of plaintiffs' amended complaint.

2. Both defendants' motions for summary judgment on the issue of defendant Curtis's employment are denied and dismissed.

---

2. Plaintiff has argued that some of the evidence presented by defendants is inadmissible. Because the court has denied the motion on other grounds, the admissibility of this evidence has not been addressed at this time.