J-A32043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| REED, WERTZ, ROADMAN INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FARABAUGH CHEVROLET OLDS, INC., THOMAS FARABAUGH SR., CAROL FARABAUGH AND EDWARD O'DONNELL | |
| APPEAL OF: THOMAS FARABAUGH, SR. | No. 113 WDA 2015 |

Appeal from the Judgment Entered February 5, 2015
In the Court of Common Pleas of Westmoreland County
Civil Division at No: 9782 of 2008

BEFORE: SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 19, 2016**

Appellant Thomas Farabaugh, Sr. ("Farabaugh") appeals from the February 5, 2015 judgment[1] entered in the Court of Common Pleas of Westmoreland County ("trial court"), following the denial of his post-trial

---

[1] Appellant appealed from the December 30, 2014 order of the trial court denying his post-trial motions. It is well-settled, however, an appeal does not lie from the denial of post-trial motions, but from judgment entered subsequent to the disposition of post-trial motions. **See Jackson v. Kassab**, 812 A.2d 1233, 1233 n. 1 (Pa. Super. 2002), **appeal denied**, 825 A.2d 1261 (Pa. 2003); **see Vance v. 46 and 2, Inc.**, 920 A.2d 202, 205 n. 2 (Pa. Super. 2007), **appeal denied**, 989 A.2d 918 (Pa. 2010) (noting that an appeal from the denial of post-trial motions is interlocutory and not a final appealable order). Instantly, the appeal lies properly from the February 5, 2015 entry of judgment. **See** Pa.R.A.P. 905(5). We have corrected the caption accordingly.

motion seeking judgment notwithstanding the verdict ("JNOV"). Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. Appellee/plaintiff Reed, Wertz, and Roadman, Inc. (hereinafter "Plaintiff") provided various types of insurance coverage to defendant Farabaugh Chevrolet Olds, Inc. ("FCO"). FCO failed to pay premiums to Plaintiff for the insurance coverage. Plaintiff initiated the instant action for the unpaid premiums, designating as defendants FCO as well as Farabaugh, Carol Farabaugh ("Carol") and Edward O'Donnell.[2] In the complaint, Plaintiff alleged that defendants breached insurance contracts by failing to remit $101,907.24 in premiums to Plaintiff over the course of several years. Plaintiff also alleged that Farabaugh unjustly enriched himself by insuring his personal realty on the insurance policies for which Plaintiff did not receive payments. **See** Plaintiff's Complaint, 5/2/09, at ¶¶ 24, 28-33. As a result, Plaintiff alleged that Farabaugh retained "substantial benefits" of insurance coverage for real estate and personal property owned by Farabaugh. **Id.** In support of unjust enrichment, Plaintiff asserted that Farabaugh "knew, or should have known, of the benefits which were received by [him] from Plaintiff, as [he was] specifically named as [a] covered individual in the [insurance] policies." **Id.** at ¶ 31.

---

[2] Given the verdict in this case, the instant appeal affects only Farabaugh.

Prior to trial, Plaintiff obtained a default judgment against defendant FCO and settled the matter against defendant Carol. The case proceeded to a bench trial, following which the trial court entered a verdict in favor of defendants on the breach of contract claim. With respect to the unjust enrichment claim, the court entered a verdict in favor of Plaintiff and against Farabaugh individually for $21,315.00.[3] Farabaugh filed post-trial motions, which the trial court denied. Farabaugh timely appealed to this Court.

On appeal, Farabaugh essentially raises four issues for our review.[4] First, he argues that the trial court erred in applying the doctrine of unjust enrichment because a legal contract existed. Second, Farabaugh argues that the trial court abused its discretion in calculating the $21,315.00 in damages for unjust enrichment. Specifically, he points out that Plaintiff failed to establish at trial the value of the benefit retained by Farabaugh. Third, Farabaugh argues that the trial court "erred in imputing the contractual debt of FCO to [him] by way of the equitable doctrine of unjust enrichment." Farabaugh's Brief at 35. Fourth, he argues that the trial court was without jurisdiction to enter an award for unjust enrichment against him alone, as Carol, his ex-wife, was a joint owner of the property. Farabaugh

---

[3] The court also found in favor of defendant O'Donnell on the unjust enrichment claim.

[4] It must be noted that Farabaugh does not challenge the trial court's findings of fact.

- 3 -

therefore contends the trial court was without jurisdiction because Carol was an indispensable party to the action. *Id.* at 39.

Our standard of review of a trial court's denial of a motion for JNOV is as follows:

> Whether, when reading the record in the light most favorable to the verdict winner and granting that party every favorable inference therefrom, there was sufficient competent evidence to sustain the verdict. Questions of credibility and conflicts in the evidence are for the trial court to resolve and the reviewing court should not reweigh the evidence. Absent an abuse of discretion, the trial court's determination will not be disturbed.

*Ferrer v. Trustees of University of Pennsylvania*, 825 A.2d 591, 595 (Pa. 2002) (internal citations omitted). Furthermore, there are two bases upon which the court can grant JNOV:

> One, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Drake Mfg. Co. v. Polyflow, Inc.*, 109 A.3d 250, 258 (Pa. Super. 2015) (citation omitted).

For purposes of disposition, we combine Farabaugh's first and third claims because they relate to the trial court's application of the doctrine of unjust enrichment. Here, Farabaugh contends that a legal contract existed between FCO and Plaintiff that barred the application of unjust enrichment. We must disagree.

Unjust enrichment is an equitable doctrine, whose elements we have described as "[(1)] benefits conferred on defendant by plaintiff, [(2)] appreciation of such benefits by defendant, and [(3)] acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1200 (Pa. 1996). The critical inquiry in the application of this doctrine is whether a defendant has been unjustly enriched. *Id.* "Where unjust enrichment is found, the law implies a contract, referred to as either a *quasi contract* or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred." *Id.* at 328-29. "To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." *Torchia v. Torchia*, 499 A.2d 581, 582 (Pa. Super. 1985) (quotation marks and citation omitted).

Instantly, the trial court did not err in applying the doctrine of unjust enrichment. That a contract existed between FCO and Plaintiff is immaterial in determining whether Farabaugh unjustly enriched himself.[5] Indeed, the

_____

[5] As more fully mentioned below, the record indicates that Farabaugh intentionally insured his personal realty on the insurance policies obtained by FCO.

trial court specifically found that Farabaugh "**was not a party** to the contract of insurance."[6] Trial Court Opinion, 9/2/14, at 6 (emphasis added). Moreover, in applying the doctrine of unjust enrichment, the trial court found:

> [Donna] Pennel testified that [Farabaugh] was listed as an individual insured on the policy due to his personal ownership of several buildings and real estate. Per the testimony of Ms. Pennel, [Farabaugh] received the benefit of financial discounts to insure his individual interests along with FCO, the corporation, because he received a discount for the policies when they were combined together as a package. Moreover, according to Ms. Pennel, if Farabaugh was ever named as a party in a liability suit, he would have had the benefit of the defense on those liability claims. Thus, [Farabaugh] received a two-fold benefit— the financial discount and a defense in the event of a claim against him. Ms. Pennel testified that Farabaugh and his ex-wife, Carol, did not have any separate insurance policy covering the building and the real estate. Ms. Pennel also stated that Farabaugh had additional coverage for his personally owned vehicles.
>
> . . . .
>
> Todd M. Roadman testified that he had been the President of Reed, Wertz and Roadman since 1993. He testified that he and Farabaugh were friends. In 2001, Mr. Roadman stated that his agency issued insurance policies to FCO and Farabaugh was a named insured on the policies because [Farabaugh] had an insurable interest in the property and the buildings and real estate. If Farabaugh had desired his own separate policy, Mr. Roadman said that he could have exercised that option. However, Mr. Roadman stated that Farabaugh wanted the package discount, which can sometimes be near 40%, by putting the policies together. Further, Mr. Roadman stated that Farabaugh would have been provided a defense in the event that a claim was made that named him individually.

*Id.* at 7-8. Based on the foregoing evidence, the trial court reasoned:

> [T]here were certainly personal benefits conferred upon Farabaugh by [Plaintiff], in the ongoing provision of insurance

_____

[6] Farabaugh does not dispute this fact.

coverage as to the building and the real property that he personally owned separate from the corporation[, *i.e.*, FCO]. Farabaugh, per his testimony, was aware of said ongoing benefits, including the package discount, and indeed, **acknowledged telling representatives of [Plaintiff] that he "fully intended to pay" the premiums**. Moreover, it is clear that Farabaugh **personally accepted and retained** said benefits. Finally, the court finds that, under the circumstances, it was inequitable for Farabaugh to retain said benefits without proper payment of value for the continued insurance coverage as to his personally owned building and property. The retention of said personal benefits by Farabaugh, and thereby the enrichment to Farabaugh[,] is found to be unjust by this court.

*Id.* at 9 (emphasis added). Accordingly, we agree with the trial court's conclusion that Farabaugh was subject to a claim of unjust enrichment and unjustly enriched himself by retaining the benefit of insurance coverage for his realty and personal property.

We next address Farabaugh's contention that the trial court abused its discretion in calculating the value of the benefits retained by him.

It is settled that we look to the equitable remedy of q*uantum meruit* "to provide restitution for unjust enrichment in the amount of the *reasonable value of services*." ***Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.***, 2 A.3d 526, 532 n.8 (Pa. 2010) (emphasis added) (citing Black's Law Dictionary (8th ed. 2004)); ***see Schenck***, 666 A.2d 329 (noting that a defendant must make restitution to plaintiff in *quantum meruit*).

Here, the trial court provided the following explanation for its calculation of damages:

In terms of the amount or the value of the benefit conferred upon [Farabaugh] and the amount to which the court deems that he was unjustly enriched, the court has examined Plaintiff's Exhibit 6, admitted at trial to demonstrate a summary of premiums paid to [Plaintiff] and the outstanding amounts that were not paid. The chart lists these amounts, in terms of each

category and the type of coverage. Here, the court finds that the relevant category of coverage is the property premiums. This is the category of premiums that insured [Farabaugh's] personal building and real estate. The testimony at the trial established that the default in payments by FCO occurred in early 2005. The premium amounts, according to Exhibit 6 that were due and owing, as to the property, included a premium of $5,809.00 covering January 1, 2005 until January 1, 2006; a premium of $5,910.00, covering January 1, 2006 until January 1, 2007; a premium of $5,607.00, covering January 1, 2007 to January 1, 2008; and a premium of $3,989.00, covering January 1, 2008 to January 1, 2009. The amount of said premiums is $21,315.00.

*Id.* at 9-10. Given our standard of review, we cannot conclude the trial court abused its discretion or acted unreasonably in calculating the value of benefits retained by Farabaugh for the insurance coverage pertaining to his real property. As noted earlier, the trial court *sub judice* determined the amount of restitution based on the policy premiums due and owed for the real property owned by Farabaugh.

We now turn to Farabaugh's final argument that Carol is an indispensable party to this case and that her absence divested the trial court of jurisdiction to enter an award of unjust enrichment against him alone.[7] In support of this argument, Farabaugh points out that he owned the realty

---

[7] To the extent Farabaugh argues that Plaintiff impermissibly discontinued the case against his ex-wife Carol Farabaugh in the trial court, we reject this argument. *See* Pa.R.A.P. 302(a). Here, Farabaugh could have challenged the praecipe to discontinue the action against Carol in the trial court and did not do so. *See* Pa.R.C.P. No. 229(c) ("The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."). His attempt to have this Court, in effect, entertain a motion to strike that praecipe is unavailing.

jointly with his ex-wife Carol at the time the insurance policies were issued. As a result, he argues, because he and Carol owned the real property jointly, any unjust benefit would have to run against them equally. And since Carol was not included in the judgment, the trial court lacked jurisdiction to enter the order for unjust enrichment. Farabaugh's Brief at 39-40.

It is well-settled that failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction. *See Sabella v. Appalachian Dev. Corp.*, 103 A.3d 83, 90 (Pa. Super. 2014) (citation omitted), *appeal denied*, 114 A.3d 417 (Pa. 2015). "An indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights and his absence renders any order or decree of court null and void for want of jurisdiction." *CRY, Inc. v. Mill Serv., Inc.*, 640 A.2d 372, 375 (Pa. 1994) (citation omitted). Indeed, in *Sprague v. Casey*, 550 A.2d 184 (Pa. 1988), our Supreme Court explained:

> [U]nless all indispensable parties are made parties to an action, a court is powerless to grant relief. Thus, the absence of such a party goes absolutely to the court's jurisdiction. A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. A corollary of this principle is that a party against whom no redress is sought need not be joined. In this connection, if the merits of a case can be determined without prejudice to the rights of an absent party, the court may proceed.

*Sprague*, 550 A.2d at 189 (internal citation omitted). To determine whether a party is indispensable to a particular litigation, we must weigh the following considerations:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Martin v. Rite Aid of Pennsylvania, Inc.*, 80 A.3d 813, 814 (Pa. Super. 2013); *accord Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (1981). However, the basic inquiry to determine a party's indispensability remains whether justice can be accomplished in the absence of a third party. *See Pa. State Educ. Ass'n v. Commonwealth*, 50 A.3d 1263, 1277 (Pa. 2012) (citation omitted).

Here, we note Farabaugh fails to discuss meaningfully how Carol is an indispensable party to this case consistent with the foregoing principles. In fact, Farabaugh simply premised his claim that Carol is an indispensable party upon the fact that he and Carol jointly owned the realty when the insurance policies were issued. That argument is insufficient. Farabaugh fails to identify what rights Carol possesses that are connected with Plaintiff's claim for unjust enrichment and are subject to impairment upon issuance of a judgment in Plaintiff's favor. This is especially so where the record reveals that Carol reached a settlement with the Plaintiff. Because Carol settled her case, we fail to appreciate what rights she has that are implicated any longer by Plaintiff's claim of unjust enrichment. Farabaugh fails to explain entirely the effect of the settlement on his indispensable party claim. Based on our review of the record, we cannot discern any

- 10 -

rights of Carol affected by the unjust enrichment award. Accordingly, we reject Farabaugh's contention that the trial court was without jurisdiction to enter an award for unjust enrichment because Carol is an indispensable party to this case.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016