518 A.2d 314

**Terry WENTZ, Appellant,**

v.

**PENNSWOOD APARTMENTS, Appellee.**

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Dec. 5, 1986.

2

Thomas B. Rutter, Andrew E. DiPiero, Jr., Philadelphia, for appellant.

Richard H. Wix, Harrisburg, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

The principal issue in this appeal from a judgment entered on a defense verdict is whether the Pennsylvania "hills and ridges" doctrine applies to private walks which are covered with ice or snow, or only to public sidewalks. As a secondary issue, appellant requests that we review the trial court's jury instructions pertaining to the choice of ways.

On January 16, 1978, Terry Wentz, an employee of United Parcel Service, used a private walk to move from the street, where he had parked his truck, to the Pennswood Apartment Complex, Harrisburg, where he intended to deliver a package. Although the walkway was covered with ice and snow, he was able to gain entrance to the apartment without incident. He was unable to deliver the package, however, and was forced to return to his truck with it. While

retracing his path over the privately maintained sidewalk, he slipped and fell with resulting injury. His action against the corporate owner of the apartment complex was tried before a jury. The jury rejected his claim and returned a verdict in favor of the defendant. Post-trial motions were denied, and judgment was entered on the verdict. Wentz appealed.

He argues, on appeal, that the trial court erred by refusing to charge the jury on the Pennsylvania "hills and ridges" doctrine and by instructing the jury that the plaintiff could not recover if, knowing of the potential danger in crossing an ice or snow covered sidewalk, he nevertheless chose to walk across it when a safer route was available to him.

It is axiomatic that a possessor of land owes a duty to protect his invitees from foreseeable harm. *Carrender v. Fitterer*, 503 Pa. 178, 185, 469 A.2d 120, 123 (1983). An owner or occupier of land is subject to liability for harm which befalls his invitees due to a condition on his land if he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. However, as is made clear by Section 343A of the Restatement,

[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts, § 343A. See also: *Carrender v. Fitterer, supra*, 503 Pa. at 185, 469 A.2d at 123; *Atkins v. Urban Redevelopment Authority of Pittsburgh*,

489 Pa. 344, 414 A.2d 100 (1980); *Skalos v. Higgins,* 303 Pa.Super. 107, 449 A.2d 601 (1982). The trial court instructed the jury in accordance with the foregoing sections of the Restatement. This was not error.

■ The doctrine of "hills and ridges" is not inconsistent with Section 343 of the Restatement (Second) of Torts. The doctrine, as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow covered walks. The rule holds that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. *Rinaldi v. Levine,* 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). See also: *Whitton v. H.A. Gable Co.,* 331 Pa. 429, 200 A. 644 (1938). In order to recover for a fall on an ice or snow covered sidewalk, a plaintiff must prove

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of all such facts, plaintiff has no basis for recovery.

*Rinaldi v. Levine, supra,* 406 Pa. at 78–79, 176 A.2d at 625–626 (emphasis in original). See also: *Tonik v. Apex Garages, Inc.,* 442 Pa. 373, 275 A.2d 296 (1971); *Williams v. Shultz,* 429 Pa. 429, 240 A.2d 812 (1968); *Izzo v. Meyer,* 259 Pa.Super. 95, 393 A.2d 733 (1978); *Strother v. Binkele,* 256 Pa.Super. 404, 389 A.2d 1186 (1978).

■ Appellee argues that the doctrine of "hills and ridges" applies only to public sidewalks and not to private walks in an apartment complex. Neither appellee nor our own research has revealed precedent for the distinction which appellee seeks to create. On the contrary, an exami-

nation of the decided cases discloses that the appellate courts of this Commonwealth have already applied the doctrine of hills and ridges to situations in which business invitees have fallen on ice covered private parking areas or walks. See: *Wilson v. Howard Johnson Restaurant*, 421 Pa. 455, 219 A.2d 676 (1966); *Roland v. Kravco, Inc.*, 355 Pa.Super. 493, 513 A.2d 1029 (1986). See also: *Williams v. United States*, 507 F.Supp. 121 (E.D.Pa.1981) (applying Pennsylvania "hills and ridges" doctrine to the fall of a business invitee in a post office parking lot). Moreover, we are at a loss to find any justification for the distinction which appellee would have us create. Weather conditions in this hemisphere have the same effect on privately owned walks as they do on public sidewalks, and there is no valid reason for imposing different standards of care with respect to the two. Therefore, we reject appellee's contention that the doctrine of "hills and ridges" can have no application to ice and snow covered walks which are privately owned.

■ An instruction regarding the "hills and ridges" doctrine would have been proper in this case, perhaps even desirable. Nevertheless, it does not appear that appellant was prejudiced in any way by the trial court's failure to so charge. The doctrine of "hills and ridges" is not an extension or expansion of the duty which the law imposes upon an owner or occupier of land. It is, rather, a limitation on the liability of such persons for conditions which are caused generally by climatic conditions in this hemisphere. The doctrine of "hills and ridges" has always been deemed a principle of law intended to protect possessors of land by increasing, not decreasing, the proof required before a plaintiff can recover for injuries sustained as a result of a fall on an ice or snow covered surface. In the instant case, the trial court correctly instructed the jury regarding the duty owed by an owner of land to a business invitee. By virtue of this instruction, the jury was permitted to find the owner negligent for ice and snow covered walks even though the ice and snow had not been there for a sufficient

time to accumulate as "hills and ridges." This instruction was more favorable than the plaintiff was entitled to receive. If it had been given, it would not have served to enhance the likelihood of recovery; it could have served only to increase the plaintiff's burden of proof. We conclude, therefore, that the court's failure to charge on "hills and ridges" was harmless in this case and could not have contributed to the jury's rejection of the plaintiff-appellant's claim.

■ Appellant also contends that the trial court erred when it instructed the jury that the defendant owner was not to be found liable if the plaintiff had discovered the icy condition of the sidewalk and nevertheless elected to encounter the risk rather than use a safer route.[1] If this portion of the court's instructions were erroneous, however, the error was not called to the attention of the trial judge. When given the opportunity at the completion of the charge to suggest corrections or additions, appellant did not suggest that the foregoing instruction was incorrect. His objection to this portion of the charge, therefore, has been waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

■ Finally, appellant argues that the verdict was contrary to the weight of the evidence. However, a court may grant a new trial on grounds that the verdict was contrary to the weight of the evidence only when the verdict shocks one's sense of justice so that a new trial is imperative in order that right may have another opportunity to prevail.

1. Specifically, the trial court instructed the jury as follows:
 There is a further refinement to this duty imposed upon the landowner by Pennsylvania law. If you find that Mr. Wentz discovered the dangerous condition of the walkway leading to the apartment and that that danger was avoidable, that is he could have chosen another entryway to his proposed delivery point without walking on the sidewalk, and you find that instead of that he chose the hazardous route, this act on his part would relieve the Defendant from any duty to take measures to alieviate [sic] the danger you may have fund to exist on the sidewalk.
 The instruction was based upon Sections 496A Comment c and 496C of the Restatement (Second) of Torts and *Carrender v. Fitterer, supra* 503 Pa. at 187–188, 469 A.2d 120.

*Lupi v. Keenan,* 396 Pa. 6, 8, 151 A.2d 447, 449 (1959); *Peair v. Home Association of Enola Legion No. 751,* 287 Pa.Super. 400, 410, 430 A.2d 665, 670 (1981). In this case, the trial judge who saw the witnesses and heard the testimony, did not find the verdict contrary to the weight of the evidence, and our review of the evidence does not suggest that the trial court's determination constituted an abuse of discretion. See: *Ason v. Leonhart,* 402 Pa. 312, 165 A.2d 625 (1960). Therefore, we will not interfere with his decision.

Judgment affirmed.