584 A.2d 1005

**Donald GILLIGAN, Appellant,**

v.

**VILLANOVA UNIVERSITY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 27, 1990.

Filed Jan. 8, 1991.

Patrick J. Egan, Philadelphia, for appellant.

George D. Sheehan, Jr., Philadelphia, for appellee.

Before OLSZEWSKI, TAMILIA and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the Court of Common Pleas of Delaware County dismissing appellant's motion for a new trial and/or for the removal of nonsuit. The only issue before this Court is whether there was sufficient evidence presented, at the close of plaintiff's case, from which a jury could have imposed liability on appellee, Villanova University. For the reasons below, we affirm.

This case arises from a slip and fall by appellant, Donald Gilligan, on the campus of Villanova University on February 18, 1986, while walking across campus to attend a basketball game at the DuPont Pavillion. Appellant testified at trial that the weather was clear and cold and there had been snow flurries earlier in the day. He further testified that the conditions on campus that evening were treacherous due to ice and snow. Appellant's accident occurred when he and his friend were approaching the DuPont Pavillion. The testimony indicates that appellant and his friend were walking toward the pavillion on a sidewalk which ended at some distance before allowing them to reach their destination. This sidewalk ended where another began, which would have provided access to the pavillion. Instead of using this latter walkway, which was not a direct path to the pavillion, the two men traversed a grassy area in direct route to the pavillion. It is on this grassy area where appellant fell. Appellant testified that this grassy area was snow covered, uneven, rather hilly and bumpy. Appellant testified that the sidewalks and driveways on the campus were not cleared off and the conditions were icy. (N.T. at 39.) Appellant did not walk on the street adjacent to the grassy area, as it also was iced. (N.T. at 43.)

At the close of appellant's case, the court granted appellee's motion for nonsuit. Appellant subsequently filed a motion for a new trial and/or for the removal of the nonsuit, which motion was denied. This appeal followed.[1]

Our review of the compulsory nonsuit requires that we determine whether there was sufficient evidence from which a jury could have imposed liability on appellee.

The rules regarding compulsory nonsuit are well established. A judgment of nonsuit can be entered only in clear cases, and a plaintiff must be given the benefit of

---

1. Appellant's brief suffers from a defective format in that it violates Pa.R.A.P. 2116 by failing to state the questions presented on a separate page of paper. We consider the merits of appellant's appeal nonetheless, but remind appellant that compliance with the appellate rules is critical to the timely and efficient disposal of appellate cases.

all evidence favorable to him, together will [sic] all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. *Flagiello v. Crilly,* 409 Pa. 389, 390–391, 187 A.2d 289, 290 (1963). See *Tolbert v. Gillette,* 438 Pa. 63, 260 A.2d 463 (1970). Thus an order granting a nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jeffries,* 474 Pa. 588, 591–592, 379 A.2d 111, 112 (1977).

However, it is also well settled that a jury cannot be permitted to reach its verdict on the basis of speculation or conjecture, *Smith v. Bell Telephone Co.,* 397 Pa. 134, 153 A.2d 477 (1959); and that a judgment of nonsuit is properly entered if a plaintiff has not introduced sufficient evidence to establish the elements necessary to maintain an action.

*Thomas v. Duquesne Light Co.,* 376 Pa.Super. 1, 545 A.2d 289 (1988) (citations omitted).

The trial court, in entering an order for compulsory nonsuit, held that the evidence presented by appellant was insufficient to support recovery on two different theories of liability. We discuss each theory of liability *seriatim.*

■ First, the trial court held that appellant failed to present sufficient evidence to meet the requirements of the doctrine of hills and ridges. This doctrine provides that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition. *Rinaldi v. Levine,* 406 Pa. 74, 176 A.2d 623, 625 (1962). In order to recover for a fall on an ice- or snow-covered sidewalk, a plaintiff must prove

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Giosa v. School District of Philadelphia,* 127 Pa.Commw. 537, 540–41, 562 A.2d 411, 413 (1989), *citing Rinaldi v. Levine, supra.*

The trial judge stated that appellant failed to present any evidence that the snow and ice on the area where he fell had accumulated in ridges and elevations, that appellee had notice of the allegedly treacherous condition, or that such condition caused appellant to fall. We agree with appellee that the doctrine of hills and ridges does not apply in the case *sub judice,* as appellant fell in a grassy area not intended to be traversed by pedestrians. It is only logical that the doctrine apply to areas such as sidewalks, parking lots, and other paved areas where pedestrians would be expected to travel. The purpose of the doctrine is to protect landowners from liability for slippery conditions of which the owner may not have notice or sufficient opportunity to make safe. If this doctrine were to apply to all areas of a landowner's property, including grass areas, then a landowner would be responsible for clearing snow and ice from the entire property in order to avoid liability. Such an imposition would be impracticable and absurd. In any event, the trial court found that appellant failed to present sufficient evidence to impose liability under this doctrine; therefore, the court's application of the doctrine to this case was harmless error.

■ The primary theory of recovery which appellant asserts in his brief was also dismissed by the trial court as being supported by inadequate evidence and, therefore, not entitled to consideration by a jury. This theory is based on appellee's alleged negligence in failing to provide a sidewalk

which leads directly to the pavillion from the point at which the sidewalk on which appellant had been walking ended. The trial court reasoned that because a sidewalk existed which provided indirect access to the pavillion, and because appellant failed to offer evidence regarding the inadequacy or unsafeness of this walkway, then there was insufficient evidence from which a jury could conclude that appellee was negligent in failing to provide a direct walkway to the pavillion. We believe the trial court's disposition of this theory of recovery was correct. The evidence indicates that appellant had travelled to the campus for sporting events many times and knew of the existence of the sidewalk which would have provided indirect access to his destination. (N.T. at 6–9). Also, the record shows the existence of a roadway adjacent to the place where appellant fell. Appellant offered no evidence at trial that the sidewalk or the roadway were improperly maintained or inadequate. (Opinion of trial court at 2–3). Furthermore, appellant offered no expert testimony or other evidence which would have established a duty of appellee to provide a sidewalk in the area upon which appellant fell. Appellant has merely established that he voluntarily chose to walk upon an allegedly snow-covered grassy area, not intended to be traversed by pedestrians, and subsequently fell. On these facts, we agree with the trial court that appellant has failed to state a cause of action in negligence.

Therefore, we affirm the trial court's order of compulsory nonsuit. Order affirmed.