# Wilson v. Meadowbrook Apartments

*Michael J. Hawley*, for plaintiff.
*Stephen Scheuerle,* for defendants.

ROSSANESE, *J.*, April 13, 1998—

## FACTS AND PROCEDURAL HISTORY

This appeal arises from our October 23, 1997 order granting defendants/appellees Meadowbrook Apartments and Korman Suites at Meadowbrook's motion for summary judgment. Plaintiffs/appellants, Robert Wilson and Phyllis Wilson, commenced this action in negligence against defendants, owners of Korman Suites at Meadowbrook Apartments, on October 3, 1995, seeking damages from injuries resulting when Robert Wilson slipped and fell on the grounds of the Korman Suites Apartment Complex at Meadowbrook.

The relevant facts and procedural history are as follows: On January 26, 1994, plaintiff, Robert Wilson, an employee of Dean Keyes Towing, was dispatched to Meadowbrook to tow and transport a vehicle. The weather conditions were snowy and icy. Upon arriving at Meadowbrook, Wilson parked his tow truck and entered one of the apartment buildings to obtain keys and paperwork from the customer. After obtaining the keys and necessary information, Wilson exited the apartment building. Wilson next attempted to cross the street to access the customer's vehicle parked in a nearby lot. In traversing the street, Wilson reached a grassy knoll upon which one foot of snow had accumulated. Instead of stepping around the area and walking behind one of the vehicles parked in the lot, Wilson elected to cross the grassy knoll. On his second step onto this area, Wilson slipped on the ice buried beneath the snow and fell backwards.

Plaintiffs filed suit against defendants alleging that they negligently failed to provide safe access to the parking lot. On October 23, 1997, defendants filed a motion for summary judgment on the grounds that plaintiffs had failed to demonstrate that there were any triable

issues of material fact. We granted defendants' motion and dismissed plaintiffs' complaint. On October 23, 1997, plaintiffs subsequently filed a petition for reconsideration, which we denied by operation of law. Plaintiffs currently appeal our October 23, 1997 order granting summary judgment.

## ANALYSIS

In order to recover for a fall on ice or snow in Pennsylvania, a plaintiff must establish: (1) that the snow or ice had accumulated on the surface of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians; (2) that the owners had notice, either actual or constructive, of the existence of such condition; (3) that it was this dangerous accumulation of snow or ice into ridges or elevations which actually caused the plaintiff to fall. See *Harmotta v. Bender,* 411 Pa. Super. 371, 380, 601 A.2d 837, 841 (1992); *Gilligan v. Villanova University,* 401 Pa. Super. 113, 117, 584 A.2d 1005, 1007 (1991); *Rinaldi v. Levine,* 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). Thus, the doctrine of hills and ridges "is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.,* ice and snow." *Wentz v. Pennswood Apartments,* 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986). The rationale for the doctrine has been explained as follows: "to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere." *Id.*

Plaintiffs/appellants' first contention on appeal is that the doctrine of hills and ridges does not apply to the present case since the defendants admitted to piling snow on or about the grassy areas of Meadowbrook, and therefore admitted to creating an artificial condition.

In *Bacsick v. Barnes*, 234 Pa. Super. 616, 341 A.2d 157 (1975), the Superior Court held that the doctrine of hills and ridges may only be applied "in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall." *Id.* at 621, 341 A.2d at 160. Thus, we agree that the doctrine of hills and ridges does not apply in the case sub judice, but affirm our order on other grounds, namely plaintiffs' failure to establish that defendants owed Wilson a duty.

The issue of landowner duty was addressed by the Superior Court of Pennsylvania[1] in *Gilligan v. Villanova University, supra*. In *Gilligan*, a student brought an action against Villanova University for injuries he sustained from a slip and fall while walking across campus to a basketball game. At trial, Gilligan testified that instead of using a walkway to reach the gymnasium, he traversed a grassy area in direct route to the building, and that it was upon this area where the fall occurred. Gilligan further admitted in his testimony that the grassy area was snow-covered and that the sidewalks and walkways were iced.

---

1. More recently, the United States District Court has established standards for recovery in slip and fall cases. In *Smith v. Allen & O'Hara Developments Inc.*, 1996 WL 529998 (E.D. Pa.), the plaintiff commenced a suit in negligence against defendants, owners of a Holiday Inn, for injuries he sustained by a slip and fall which occurred in the parking lot. Finding issues of fact to be decided by the jury, the *Smith* court denied the defendant's motion for summary judgment. The court noted, however, that the existence of certain facts would definitely preclude Smith's recovery, "if the precipitation of that afternoon and evening caused the ice patch to form before the Holiday Inn staff could be expected to know about it, or if it was so obvious that plaintiff could have walked around it, plaintiff may not recover." *Id.* at 2.

In affirming the trial court's order for nonsuit, the Superior Court found that the doctrine of hills and ridges did not apply to the facts present. Discussing the applicability of the doctrine, the court explained, "It is only logical that the doctrine apply to areas such as sidewalks, parking lots, and other paved areas where pedestrians would be expected to travel." *Id.* at 117, 584 A.2d at 1007. The *Gilligan* court further noted that an application of the hills and ridges doctrine to the case would be a misinterpretation of the law, "[i]f this doctrine were to apply to all areas of a landowner's property, including grass areas, then a landowner would be responsible for clearing snow and ice from the entire property to avoid liability." *Id.* Thus, the Superior Court held that where the doctrine of hills and ridges does not apply, plaintiffs must provide evidence which would establish a duty on the defendant. *Id.* at 117, 584 A.2d at 1008.

In the present case, Wilson admitted during his deposition that in attempting to gain access to the vehicle, he elected to step into the grassy area. Referring to his attempt to access the vehicle, Wilson stated, "At which point I got to where this grassy knoll is. There was a pile of snow. Instead of coming around it in more ice, I elected to step into the snow to get to the vehicle." (Wilson dep. 50.) It is undisputed that the area where Wilson fell was not part of a sidewalk or adjacent street area. (*Id.*) Plaintiffs, therefore, have not established that defendants owed any duty to Wilson to remove ice and snow from this area. Rather, as in *Gilligan*, [plaintiff] "has merely established that he voluntarily chose to walk upon an allegedly snow-covered grassy area, not intended to be traversed by pedestrians,

and subsequently fell." *Id.* at 118, 584 A.2d at 1008. Based on these facts, plaintiffs/appellants have failed to state a cause of action in negligence.

Plaintiffs further argue that we failed to properly consider the facts that agents of the defendants had failed to remove snow from the area where Wilson fell; that no alternative route was available to Wilson; and that defendants failed to warn the plaintiff of the artificially created hazardous conditions.[2] We conclude that these arguments are without merit and have no bearing on whether defendants had a duty to remove snow from the area where Wilson fell.

Based on the foregoing, we conclude that no genuine issues of material fact exist, and our order granting defendants' motion for summary judgment should be affirmed.

---

2. Appellants further contend that *Kaplan v. Exxon Corporation*, 1997 U.S. App. LEXIS 26403, is controlling in the instant matter, however, this court is not bound by that precedent. Moreover, *Kaplan* is factually distinguishable from the instant matter in that the accident which gave rise to the cause of action in *Kaplan* occurred on a sidewalk which was designated as a SEPTA bus stop.