**Robert F. HEASLEY and Esther M. Heasley, Husband and Wife, Appellants,**

v.

**CARTER LUMBER, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2003.

Filed Feb. 26, 2004.

J. Jeffrey Watson, New Bethlehem, for appellants.

Stephen J. Poljak, Pittsburgh, for appellee.

Before: STEVENS, ORIE MELVIN, and CAVANAUGH, JJ.

STEVENS, J.

¶ 1 Appellants, Robert and Esther Heasley, appeal from the Court of Common Pleas of Clarion County's December 17, 2002 Order denying their motion for post-trial relief.[1] On appeal, Appellants contend that a new trial is warranted because the trial court erred when it instructed the jury on the "hills and ridges" doctrine, and that Appellee did not prove the predicate fact of a general slippery condition. We reverse and remand for a new trial.

¶ 2 On January 5, 1999, Appellant, Mr. Heasley, slipped and fell while walking in a shed containing lumber supplies in Appellee's lumberyard. N.T. 10/31/02 at 35–39. The shed had an overhead roof, an awning which extended from the roof of the shed over a portion of the concrete, and three walls, the fourth side was open. N.T. 10/31/02 at 35–39. As a result of this incident, Mr. Heasley sustained a displaced lateral tibial plateau fracture of the right knee. N.T. 10/31/02 at 57.

¶ 3 On August 10, 2000, Appellants commenced the underlying action for negli-

---

1. By letter dated February 6, 2003, this Court directed Appellants to file a praecipe for the entry of judgment. Appellants filed the requested praecipe on February 10, 2003, and, therefore, our jurisdiction has been perfected. *Johnston the Florist, Inc. v. TEDCO Construction Corporation*, 441 Pa.Super. 281, 657 A.2d 511 (1995) (holding that a praecipe for the entry of judgment will perfect our jurisdiction even after an appeal has been filed).

gence against Appellee. A jury trial took place on October 31 and November 1, 2002. On November 1, 2002, over Appellants' objections, the trial court instructed the jury on the "hills and ridges" doctrine. Subsequently, the jury found in favor of Appellee.

¶ 4 On November 12, 2002, Appellants filed a post-trial motion seeking a new trial. On December 17, 2002, the trial court denied the motion. The instant appeal follows. On January 15, 2003, the trial court directed Appellants to file a statement pursuant to Pa.R.A.P.1925(b). Appellants filed a statement on January 27, 2003, and the trial court filed an opinion.

¶ 5 Appellants claim that they are entitled to a new trial because the trial court erred in charging the jury on the "hills and ridges" doctrine.[2] As an initial matter, we note that the jury charge was not transcribed. While we would ordinarily find that this failure to transcribe the jury charge has resulted in waiver, in the instant matter, all parties agree that the judge charged the jury on "hills and ridges." The charge conference, which was transcribed, shows that Appellants took an exception, on the record, to the "hills and ridges" charge and that the question of whether to apply "hills and ridges" had been the subject of motion practice during the trial. N.T. 11/01/02 at 113–115. Further, the challenge is not to the specific language of the charge but rather as to whether this doctrine applies to a fall which took place inside of a structure. Finally, the trial court has included the relevant language in its 1925(a) opinion. Thus, we find that the record is sufficient to enable us to reach the merits of this matter.

¶ 6 Our standard for determining whether a new trial is required because of reversible error by the trial court is well settled. "[I]n reviewing an order denying a motion for a new trial, this Court assesses whether the trial court clearly and palpably abused its discretion or committed an error which controlled the outcome of the case." *Gray v. H.C. Duke & Sons, Inc.*, 387 Pa.Super. 95, 563 A.2d 1201, 1205 (1989). Appellants argue that the trial court erred when it instructed the jury in the "hills and ridges" doctrine because "hills and ridges" is not applicable where Appellant, Mr. Heasley, slipped and fell inside a shed. For the reasons discussed below, we agree.

¶ 7 The doctrine of "hills and ridges" provides:

> that an owner or occupier of land is not liable for general slippery conditions, for to require that one's *walks* be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a *pavement* create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition.

*Gilligan v. Villanova University*, 401 Pa.Super. 113, 584 A.2d 1005, 1007 (1991) (emphasis added). This Court has held that, in order to recover for a fall on an ice- or snow-covered *sidewalk*, a plaintiff must prove (1) that snow and ice had accumulated on the *sidewalk* in ridges or elevations of such size and character as to unreasonably obstruct *travel* and constitute a danger to *pedestrians traveling* thereon; (2) that the property owner had notice, either actual

---

**2.** Since we find that the trial court erred in applying the "hills and ridges" doctrine, we need not reach the question of whether Appel-

lee proved that a general slippery condition prevailed at the time of the incident.

or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Id.* (emphasis added). This doctrine has been extended to parking lots and private walkways, and has been applied to business invitees. *Morin v. Traveler's Rest,* 704 A.2d 1085 (Pa.Super.1997); *Wentz v. Pennswood Apartments,* 359 Pa.Super. 1, 518 A.2d 314, 316 (1986). However, this Court cannot find, and neither Appellee nor the trial court has cited to, any case that has extended the doctrine to a fall which took place inside of a structure or even to a case that has applied the doctrine where the fall took place under some type of awning or overhang. In its 1925(a) opinion, the trial court simply states that it saw little difference between a sidewalk and/or parking lot and a roofed-and-walled structure and, as there was no caselaw stating that "hills and ridges" could not be applied, the trial court saw no reason not to apply it. Trial Court Opinion dated April 9, 2003 at 2–4. This Court disagrees.

¶ 8 As noted above, "hills and ridges" was intended to protect property owners from the undue burden of ensuring that open spaces such as sidewalks and parking lots are constantly kept clear of snow and ice. Appellee has presented nothing which demonstrates that, keeping a structure, which is only partially open to the elements, free of snow and ice presents any burden at all, let alone an undue burden upon its owners. Further, the doctrine requires that a plaintiff prove that the accumulation of snow and ice unreasonably obstructs travel.

¶ 9 The extension of this doctrine to structures and/or other partially open areas would present many questions: (1) how much of the structure must be open to the elements before the doctrine applies; (2) how does one distinguish between snow and ice that is naturally occurring and snow and ice that has been tracked into the structure by people; (3) does the doctrine apply throughout the structure or only to slips and falls which occur near that portion of the structure which is open to the elements.

¶ 10 In the case at bar, the structure consisted of a roof, three walls, and an awning; Appellee stored products in it because it provided protection from the elements; and, Appellant, Mr. Heasley, slipped and fell some four to five feet inside its interior. Given this, and given the concerns expressed by this Court about the difficulty in applying the "hills and ridges" doctrine to structures, we find that the application of the "hills and ridges" doctrine in the instant matter was unnecessary and unwarranted, and thus, constituted an abuse of discretion by the trial court. The doctrine held Appellants to a higher burden of proof than would otherwise have been required, and we find that they were prejudiced by its application. Accordingly, we reverse and remand for a new trial.

¶ 11 Reversed and remanded, Jurisdiction relinquished.

¶ 12 CAVANAUGH, J., files a dissenting statement.

CAVANAUGH, J., Dissenting.

¶ 1 I respectfully dissent. I do so for the reasons set forth by President Judge Arner in his well reasoned opinion dated April 9, 2003.