J-A30023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT STALEY AND JOANNE STALEY, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ROBIN SLICKER | |
| ROBERT STALEY AND JOANNE STALEY, HIS WIFE | |
| Appellants | |
| v. | |
| DANIEL DIESS | |
| Appellee | |
| v. | |
| LOLA BALDINI AND ROBIN SLICKER | |
| Appellees | No. 821 WDA 2017 |

Appeal from the Order Entered May 8, 2017
In the Court of Common Pleas of Westmoreland County
Civil Division at No: 2015-1939

BEFORE:  BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 4, 2018**

Appellants, Robert Staley ("Staley") and Joanne Staley, his wife, appeal

from the May 8, 2017 order entered in the Court of Common Pleas of

Westmoreland County, granting summary judgment in favor of Appellees,

Robin Slicker ("Slicker") and Daniel Diess ("Diess"). Following review, we reverse and remand.

On February 12, 2014, Staley accompanied his son Edward, both of whom were constables, to serve a warrant at a property owned by Slicker. As Staley approached a gate that provided access to the property, he slipped and fell on snow-covered ice. Staley and his wife initiated an action against Slicker for injuries suffered in that fall. After Slicker filed preliminary objections, Appellants filed an amended complaint, endorsed with a notice to defend, alleging Slicker was negligent for, *inter alia*, allowing snow and ice to accumulate on her property in hills and ridges, and failing to assure that the property was properly maintained. Slicker did not file an answer to the amended complaint.

Appellants also initiated an action against Slicker's tenant, Diess, alleging the property was under his control and that he also was negligent for allowing snow and ice to accumulate in hills and ridges and failing to assure the property was safe for invitees. Diess denied custody and control of the premises and denied he was negligent in any respect. Diess filed a praecipe to join a fellow tenant, Lola Baldini, as well as Slicker as additional defendants but did not file a complaint against either of them.

The actions against Slicker and Diess were consolidated by order entered on September 2, 2016. On February 24, 2017, Slicker filed a motion

for summary judgment. Diess joined in the motion on March 15, 2017.[1]
Following argument, the trial court granted summary judgment in favor of
Slicker and Diess and dismissed the actions against them. Trial Court Order,
5/8/17. This timely appeal followed. The trial court did not order Appellants
to file a statement of errors pursuant to Pa.R.A.P. 1925(b). On June 13, 2017,
the trial court issued an order in compliance with Pa.R.A.P. 1925(a)(1),
indicating that the reasons for its May 8, 2017 order were set forth at length
in that order.[2]

_____

[1] We note that Pa.R.C.P. 1035.2 authorizes a party to move for summary
judgment "[a]fter the relevant pleadings are closed, but within such time as
not to unreasonably delay trial[.]" As noted, Slicker did not file an answer to
the amended complaint, yet she filed her motion for summary judgment in
spite of the fact the pleadings were not closed. Diess joined in that motion,
also in spite of the fact the pleadings were not closed. The parties did not
object to proceeding on the motion and the trial court does not mention this
procedural irregularity. Therefore, we shall not address or express any opinion
on this procedural issue except to note that, to the extent Slicker admitted
allegations in the amended complaint by failing to answer a properly endorsed
pleading, we rely on those admissions. *See **Nationwide Mutual Insurance
Company v. Nixon***, 682 A.2d 1310, 1313 (Pa. Super. 1996) (on motion for
summary judgment court must ignore controverted facts in pleadings and
restrict review to material filed in support of and in opposition to the motion
and those allegations in pleadings that are uncontroverted).

[2] Because it appeared that claims remained outstanding against Baldini as an
additional defendant, this Court issued a rule to show cause why the appeal
should not be quashed as interlocutory. In response, Appellants' counsel
explained that Diess never filed a complaint against Baldini. Because the trial
court dismissed Diess as a party to the case, any potential claims he might
have had against Baldini were extinguished by virtue of the trial court's order.
Appellants contended the order disposed of all claims against all parties.
Therefore, the order was a final order from which this appeal properly lies.
***See*** Response to Rule to Show Cause, 7/14/17, at 1-2. By order entered July

In this appeal, Appellants ask us to consider two issues:

I.    Whether when a defendant filed a motion for summary judgment and has not raised as an issue nor presented any evidence that the property where plaintiff fell was not under the defendant's care, custody, or control, the court may, *sua sponte*, raise this issue and grant summary judgment based upon its own unsubstantiated belief that the property was not under the defendant's care, custody or control.

II.   Whether a plaintiff should be precluded, as a matter of law, from recovering for injuries sustained in a fall on an uneven accumulation of ice solely because the underlying surface is not paved.

Appellants' Brief at 7.

In ***Biernacki v. Presque Isle Condominium Unit Owners Ass'n, Inc.***, 828 A.2d 1114 (Pa. Super. 2003), we recognized that "[i]n reviewing a grant of summary judgment, the appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.  The scope of review is plenary and the appellate Court applies the same standard for summary judgment as the trial court."  ***Id.*** at 1116 (quoting ***Grandelli v. Methodist Hospital***, 777 A.2d 1138, 1144 (Pa. Super. 2001)).

In ***Biernacki***, we reiterated:

As with all summary judgment cases, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party as to the existence of a triable issue.

---

24, 2017, we discharged the rule but with the caveat that this panel might revisit the issue.  The panel discerns no basis for quashing the appeal as interlocutory.  Therefore, we shall not disturb the July 24, 2017 order discharging the rule.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Id.* at 1116 (quoting *Grandelli*, 777 A.2d at 1144).

In their first issue, Appellants contend the trial court erred by *sua sponte* raising the issue of Slicker's ownership of the property where Staley fell and granting summary judgment based on a finding that Staley fell in an alley that Slicker had no duty to maintain. We find merit in their contention.

In Slicker's brief in support of her summary judgment motion, she presented argument on her sole issue, *i.e.*, that Staley "is unable to state a cause of action in negligence." Brief in Support of Motion for Summary Judgment, 2/24/17, at 3. She argued, as she did in the motion itself, that Staley "failed to demonstrate how the amount of snow/ice, as shown in the photographs . . . was on a sidewalk or an area reasonably expected to be traversed by pedestrians" and that Staley "failed to demonstrate that the amount of snow/ice was of natural accumulation and rises to the level of hills and ridges." *Id.* at 4. Further, Staley "failed to show that [] **Slicker, the property owner**, had actual or constructive notice of the existence of the alleged condition." *Id.*; Motion for Summary Judgment, 2/24/17, at ¶ 16 (emphasis added).

In its May 8, 2017 order, the trial court granted summary judgment, noting it agreed with Slicker's arguments. The court stated:

This court is required to follow the legal principle that in a "fall-down" case, the pedestrian has the burden of proving a defective

- 5 -

condition, as well as actual or constructive notice of that defect by the property possessor. **Kardibin v. Associated Hardware**, 426 A.2d 649 (Pa. Super. 1981). Property possessors have a duty to maintain pavement in a condition of reasonable safety. **Davis v. Potter**, 17 A.2d 338 (Pa. 1941).

As stated in [] Slicker's brief, the court agrees with the argument that [Staley] fell on an area that was unpaved with gravel and some grass growing, which was not intended to be a walkway, and therefore the hills and ridges doctrine cannot be applicable. **See Gilligan v. Villanova University**, [584 A.2d 1005 (Pa. Super. 1991)].

However, even if the hills and ridges doctrine were applicable, the court finds that [Staley] has not provided sufficient evidence to prove that [Appellees] had a duty to maintain the area where [Staley] was injured. The agreed-upon facts are that [Staley] fell while reaching for the gate to access [Appellee's] property. **He fell in the alley outside of the gate which was not owned by either [Appellee]. [Appellees] argued that they do not have an obligation to maintain the alleyway that is not part of either's property.** The court agrees. In a recent opinion, the Pennsylvania Superior Court held that "a Pennsylvania landowner owes no duty to an invitee injured on an adjoining roadway." **Newell v. Montana West, Inc.**, 154 A.3d 819 (2017). Accordingly, even assuming that [Staley] was an invitee, despite [Appellees'] argument that he was a trespasser, this court is constrained by applicable law to find no duty on behalf of [] Slicker or Diess to maintain the area where [Staley] was injured.

Trial Court Order, 5/8/17, at 4 (emphasis added; some capitalization omitted).

As Appellants assert, Slicker did not contest ownership of the area where Staley fell. Not only did she admit ownership by virtue of her failure to respond to allegations of ownership in Appellants' Amended Complaint,[3] she

_____

[3] **See** Pa.R.C.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.") and (e) ("In an action seeking monetary relief for bodily injury

also acknowledged ownership in her Motion for Summary Judgment and brief in support, as reflected above, alleging "[Appellants] have failed to show that [] Slicker, **the property owner**, had actual or constructive notice of the existence of the alleged condition." Motion for Summary Judgment, 2/24/17, at ¶ 16; Brief in Support of Motion for Summary Judgment, 2/24/17, at 4 (emphasis added).

Even though Slicker did not contest ownership of the property where Staley fell, the trial court raised the ownership issue *sua sponte* and concluded neither Staley nor Deiss owned or controlled the alleyway where Staley fell. Trial Court Order, 5/8/17, at 4.[4] As our Supreme Court has indicated, "For a trial court to raise an argument in favor of summary judgment *sua sponte* and grant summary judgment thereon risks depriving the court the benefit of

_____

. . ., averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically . . . (1) averments relating to . . . the ownership, possession or control of the property . . . involved.").

We note Slicker's assertion that it was incumbent upon Appellants to "report any defects with the pleadings in a timely manner." Slicker's Brief at 9. We do not consider a defendant's failure to answer a complaint, endorsed with a notice to plead, a "defect" a plaintiff is required to cure.

[4] Diess asserts that he and Slicker raised the issue of care, custody and/or control over the property during argument on the summary judgment motion. Diess' Brief at 4. There is no transcript of the proceedings so we are unable to ascertain the context in which any issue of care, custody or control over the property might have been raised. It is clear the issue is not raised in the motion itself, other than in Slicker's acknowledgement that she was the property owner. Motion for Summary Judgment, 2/24/17, at ¶ 16.

advocacy on the issue, and depriving the parties the opportunity to be heard."

***Yount v. Pennsylvania Dept. of Corrections***, 966 A.2d 1115, 1119 (Pa.

2009) (citation omitted).

By determining that Staley fell in the alleyway, rather than on property

owned by Slicker, the trial court made a finding of fact not supported in the

record when read in the light most favorable to Staley. ***See*** N.T., Deposition

of Edward Staley, 1/27/17, at 24 (indicating the location of the fall was "not

in the alley itself.") Based on that unsupported factual determination, the trial

court then concluded that neither Slicker nor Diess owned the property and,

therefore, owed no duty to Staley, a conclusion of law unsupported by the

facts. Because the trial court granted summary judgment based on facts

unsupported in the record, we find the trial court committed error of law

requiring reversal of the grant of summary judgment.[5]

Appellants ask us to consider a second issue, *i.e.*, whether Staley should

be precluded—as a matter of law—from recovering for injuries sustained in a

fall solely because the underlying surface was not paved. Citing ***Gilligan v.***

***Villanova University***, 584 A.2d 1005 (Pa. Super. 1991), the trial court noted

---

[5] We recognize that Diess "denied the property on which [Staley] fell was under the care, custody and/or control of [Diess]." Diess' Answer and New Matter, 1/21/16, at ¶ 4. However, because the care, custody and control issue was not raised in Appellees' Motion for Summary Judgment, Appellants did not have an opportunity to present evidence essential to their cause of action to defeat a motion based on lack of care, custody and control. ***See*** Pa.R.C.P. 1035.2 Note.

its agreement with Appellees' argument "that [Staley] fell on an area that was unpaved with gravel and some grass growing, which was not intended to be a walkway, and therefore the hills and ridges doctrine cannot be applicable." Trial Court Order, 5/8/17, at 3. Again we find the trial court's determination unsupported by the record, viewed in the light most favorable to Staley as the non-moving party.

Staley's son testified that his father fell while reaching for the gate that provided access to the property where a warrant was to be served. N.T., Deposition of Edward Staley, 1/27/17, at 25-26. During his deposition, the following exchange took place between Edward and counsel for Slicker:

> Q. How about 2-C, does that photograph depict where you father fell?
>
> A. You can see right here where – right here is where he went to reach for the gate, and when he fell, he went backwards, and he fell – can I mark this?
>
> Q. Yes.
>
> A. And when he landed, he was, like, right in here.
>
> Q. On the snow?
>
> A. On the snow, ice, whatever was there.
>
> Q. Was that a snow-covered grassy area where he fell?
>
> A. That was a snow-covered something area. I don't know what was underneath of there, ice.
>
> Q. But you'd agree that before that, you can see grass, correct?
>
> A. Now, I can, with these pictures, yeah, after three weeks later.

*Id.*

While the photographs taken weeks after Staley's fall reveal that the area just outside the gate was unpaved, those photographs as well as deposition testimony suggest that the area immediately on the other side of the gate was paved. *See* N.T., Deposition of Edward Staley, 1/27/17, at 50. If so, a question exists for the jury to determine whether, as Appellees argue, the area where Staley fell was "not intended to be a walkway, sidewalk, or other ingress/egress from the property." *See* Motion for Summary Judgment, 2/24/17, at ¶ 9. Moreover, Deiss testified that he used the gate to get to the cars in the alley, that Baldini was the person who mainly used the gate, and that Slicker cleaned that area from snow and ice for Baldini. Slicker testified that she recalled covering the whole area with rock salt. *See* Appellants' Response in Opposition to Motion for Summary Judgment, 3/16/17, at Exhibits "C" and "D."

We find the facts of the case before us distinguishable from those in *Gilligan*. In that case, a Villanova student was injured when he fell on his way to the university's basketball arena. After walking on a sidewalk for some distance, he took a shortcut to the arena's entrance by cutting across a snow-covered grassy area instead of continuing on another sidewalk that would have taken him to the arena but over a longer route. It was on the "snow covered, uneven, rather hilly and bumpy area" where Gilligan fell. *Id.* at 1006.

Affirming the trial court's grant of a nonsuit in favor of Villanova, this Court explained:

> We agree with appellee that the doctrine of hills and ridges does not apply in the case *sub judice,* as appellant fell in a grassy area not intended to be traversed by pedestrians. It is only logical that the doctrine apply to areas such as sidewalks, parking lots, and other paved areas where pedestrians would be expected to travel. The purpose of the doctrine is to protect landowners from liability for slippery conditions of which the owner may not have notice or sufficient opportunity to make safe. If this doctrine were to apply to all areas of a landowner's property, including grass areas, then a landowner would be responsible for clearing snow and ice from the entire property in order to avoid liability. Such an imposition would be impracticable and absurd.

*Id.* at 1007. We do not read **Gilligan** to say that "hills and ridges" can never apply to a fall on a grassy or otherwise unpaved area. Rather, in **Gilligan**, we limited the doctrine to areas "where pedestrians would be expected to travel." *Id.* We conclude that whether the area outside the gate on Slicker's property is an area where a pedestrian would be expected to travel, and whether it was a "walkway, sidewalk, or other ingress/egress from the property," presents a question of fact for the jury to determine.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2018

- 11 -