**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1847-20

MARIA FAILLA,

     Plaintiff-Appellant,

v.

MOUNT AIRY CASINO
RESORT, LP, d/b/a
MOUNT AIRY CASINO
RESORT, and MOUNT
AIRY #1, LLC, d/b/a
MOUNT AIRY CASINO
RESORT,

     Defendants-Respondents.

_____

Submitted January 24, 2022 – Decided February 2, 2022

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2253-19.

Nowell, PA, attorneys for appellant (Jacek Zapotoczny, on the briefs).

Hendrzak & Lloyd, attorneys for respondent (Susan Smith Lloyd, on the brief).

PER CURIAM

In this slip and fall case, plaintiff appeals from two orders: a January 22, 2021 order granting summary judgment to Mount Airy Casino Resort, LP and Mount Airy #1, LLC (collectively defendants) and a March 10, 2021 order denying plaintiff's motion for reconsideration. After considering the proofs and conducting oral argument, the judge concluded defendants were entitled to summary judgment, reasoning the record was devoid of any evidence of a defective condition, causation, or notice. For substantially the same reasons, we affirm.

In March 2017, plaintiff, seventy-nine years old at the time, with her adult son, traveled from their home in Lyndhurst, New Jersey, to defendants' casino in Mount Pocono, Pennsylvania. Plaintiff alleged that at around 11:00 am, she was traversing across the casino's handicapped parking lot when she tripped and fell over an unmarked Belgian block curbing and the uneven, worn dirt path on the grassy parking lot medium. Plaintiff testified that other patrons were walking in front of and behind her on the grassy path. As a result of the fall, plaintiff lost consciousness, and sustained a concussion as well as a laceration on her head. Plaintiff's son wanted to take her home after the fall, but she decided to stay at the casino. After approximately five hours, plaintiff began

2

experiencing significant pain in her right arm and then again lost consciousness. She was taken to Pocono Medical Center by ambulance. Plaintiff fractured and dislocated her right shoulder and underwent open reduction internal fixation to repair the fracture.

Plaintiff filed a complaint against defendants, as owners and operators of the accident location, alleging they breached their duty to maintain a safe premises for plaintiff by failing to inspect the property for dangerous conditions and failing to remedy the dangerous condition that caused plaintiff's fall. Defendants moved for summary judgment and argued that, because plaintiff fell in an area not intended for pedestrians and she could not identify the cause of her fall, there are no issues of material fact precluding judgment as a matter of law in their favor. The judge agreed and entered the order under review after permitting oral argument.

Plaintiff moved for reconsideration of the judge's summary judgment order and argued the issues of causation and the existence of a dangerous condition should be presented to a jury because there are genuine issues of material fact. The judge denied plaintiff's motion for reconsideration and rendered a written decision with her reasoning.

On appeal, plaintiff argues:

POINT I

THE [JUDGE] ERRED IN GRANTING [DEFENDANTS'] MOTION FOR SUMMARY JUDGMENT AS IT WAS PREMATURE BECAUSE DISCOVERY HAD NOT BEEN COMPLETED DUE TO [DEFENDANTS'] UNTIMELY SUBMISSIONS.

POINT II

THE [JUDGE] ERRED WHEN [SHE] RULED ON QUESTIONS OF MATERIAL FACT IN COMPETING EXPERT OPINIONS, INCLUDING THE EXISTENCE OF A DANGEROUS CONDITION, AND DEPRIVED THE CASE FROM A JURY.

POINT III

[DEFENDANTS] HAD NOTICE OF THE DANGEROUS CONDITION.

POINT IV

THE [JUDGE] ERRED WHEN [SHE] RULED ON A FACTUAL ISSUE RELATING TO THE CAUSE OF . . . [PLAINTIFF'S] FALL.

POINT V

THE [JUDGE] ERRED IN APPLYING GILLIGAN V. VILLANOVA [UNIVERSITY] AND THE CHOICE OF WAYS DOCTRINE TO [PLAINTIFF'S] CASE.

    A. Gilligan v. Villanova [University] Does Not Apply To [Plaintiff's] Case.

4

B. The Choice Of Ways Doctrine Does Not
Apply To [Plaintiff's] Case.[1]

The parties consented to applying New Jersey procedural rules and Pennsylvania substantive law because plaintiff was injured on defendants' property in Pennsylvania. Appellate review of a trial judge's grant or denial of summary judgment is de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We accord no deference to the motion judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

I.

Plaintiff contends that the judge erred when she determined that plaintiff did not establish a dangerous condition or notice. Plaintiff also argues that the judge improperly granted summary judgment because the issue of causation is a question of fact for the jury. Under the facts of this case, we conclude the judge appropriately granted summary judgment.

---

[1] To comport with our style conventions, we altered the capitalization of plaintiff's points A and B, but have omitted these alterations for readability.

In Pennsylvania, the elements of negligence are: (1) the plaintiff must establish that the defendants owed her a duty of care; (2) that duty was breached; (3) that breach caused the plaintiff's injury; and (4) the plaintiff suffered an actual loss or damages. Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (Pa. 2009). As to the duty of a landowner,

> [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.
>
> [Winkler v. Seven Springs Farm, Inc., 359 A.2d 440, 442 (Pa. Super. Ct. 1976) (quoting Restatement (Second) of Torts § 343 (1965)).]

A dangerous condition is defined as a condition "that involves an unreasonable risk of harm." Steinhouse v. Herman Miller, Inc., 661 A.2d 1379, 1382 (Pa. Super. Ct. 1995) (quoting Restatement (Second) of Torts § 343(a)).

Plaintiff's civil engineering expert William A. Erdman observed the accident location and opined that "pedestrians walking across parking lot islands which are not designed for that purpose are faced with a dangerous condition," due to the speed at which drivers are navigating the parking aisles, worn areas

6

in the grass behind the curb which create low spots that present tripping hazards, and the presence of wetness on the ground. Based on these conditions and defendants' alleged failure to discourage patrons from crossing the parking lot islands, Erdman's report concluded that defendants were negligent in not protecting plaintiff from a dangerous condition. Defendants' expert Daniel M. Honig reviewed the accident location and "confirmed that there currently are no less than code-compliant pedestrian conditions, including broken or missing walkway elements, that could cause a pedestrian injury." Honig opined that plaintiff's fall was caused by her failure to properly exercise caution while traversing the parking lot.

Contrary to plaintiff's contention, Erdman's opinion does not preclude summary judgment. Erdman's opinion must be based on facts "warranted by the record," and the basis of his conclusion must not arise from the conclusion itself. Collins v. Hand, 246 A.2d 398, 404 (Pa. 1967). Erdman's report found the grassy island was a dangerous condition based on the potential presence of fast drivers, low spots in the grass, and moisture on the ground, but his report fails to articulate which of these potential hazards caused or contributed to plaintiff's fall.

Plaintiff has the burden of proving what caused her fall, rather than leaving it up to the jury to conjecture. See Rinaldi v. Levine, 176 A.2d 623, 626-27 (Pa. 1962). In Rinaldi, the plaintiff was unable to state exactly what caused him to fall, as he testified that it was either "a piece of ice," "a ridge of ice or something" on a sidewalk that caused him to slip. Id. at 626 (emphasis and internal quotation marks omitted). The Pennsylvania Supreme Court held that if the plaintiff did "not know what caused his fall, then only by conjecture and guesswork could a jury find what caused him to fall." Ibid. The Court, therefore, held that the plaintiff failed to establish the elements of negligence because he failed in his obligation "to prove not only evidence of [a] dangerous condition in the form of hills and ridges, but must show that the dangerous obstructions on the sidewalk were the actual cause of the fall." Ibid. (quoting Sellers v. Cline, 49 A.2d 873, 874 (Pa. Super. Ct. 1946)).

Plaintiff's deposition testimony did nothing to confirm the existence of a dangerous condition. When asked whether she tripped and fell or slipped and fell, plaintiff testified that she could not remember. When questioned regarding what specific dangerous condition existed as referenced in her complaint, plaintiff testified, "I just, you know, I fell, I fainted, or I lost consciousness, and then I don't know anything else." Plaintiff stated she did not lose her balance

A-1847-20

when she put her foot on the brick and that she did not "remember exactly how [she] fell." When asked about moisture on the ground, plaintiff stated her son told her the ground was wet but that she did not know whether the wetness of the grass caused her to fall.

Erdman's opinions contained in his report are, therefore, insufficient to establish a factual dispute precluding summary judgment. He summarily concluded a dangerous condition existed, but even plaintiff's deposition testimony failed to establish that a dangerous condition caused her fall. Without the existence of a dangerous condition or causation, defendants cannot be put on actual or constructive notice. The evidence in the record lacks direct or circumstantial evidence establishing that defendants' negligence caused plaintiff's fall.

## II.

Plaintiff argues the judge erred in granting summary judgment without permitting plaintiff additional time to complete discovery. Plaintiff argues that defense counsel did not produce the requested four pre-2017 incident reports until after defendants' motion for summary judgment was filed and past the discovery end date. Plaintiff contends that if she received the reports on time,

she would have had the opportunity to investigate the incidents and depose patrons and employees.

"Generally, summary judgment is inappropriate prior to the completion of discovery." Wellington v. Est. of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003). A plaintiff must "demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action." Ibid. (quoting Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977)). The party opposing the summary judgment motion must specify the need for more discovery, "rather than simply asserting a generic contention that discovery is incomplete." Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007). If the party cannot demonstrate the need for discovery with sufficient particularity, like here, summary judgment is appropriate despite discovery being incomplete. Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015).

On June 23, 2020, plaintiff demanded records relating to patrons' accidents while using the grassy medium. On July 23, 2020, defendants' counsel sent one incident report identifying a September 4, 2019 injury sustained by a patron. Following the deposition of the casino's security manager, in which he described the requested reports, plaintiff's counsel sent a letter to defendants'

counsel on October 5, 2020, requesting all of the reports from the last seven years. Plaintiff's counsel sent multiple emails in October reiterating the request. On October 30, 2020, the judge extended discovery to December 13. On December 1, defendants' counsel sent a list of incidents relating to injuries sustained while using the grassy medium, which was redacted. Plaintiff's counsel sent another request for reports and narratives of the listed injuries. Defendants filed a motion for summary judgment on December 2, and on December 22, ten days after the close of discovery, defendants' counsel sent the incident reports.

Plaintiff cannot demonstrate with particularity how further discovery will support missing elements of her cause of action. See Wellington, 359 N.J. Super. at 496. As the judge noted during the motion hearing, the record does not clearly indicate the cause of her fall or the existence of a dangerous condition. The requested discovery would not supply the missing elements of negligence. Even if plaintiff could depose additional witnesses about their accidents, their testimony would not provide plaintiff with evidence that an allegedly dangerous condition caused her fall. Therefore, summary judgment was not granted prematurely.

A-1847-20

## III.

Plaintiff argues the judge's application of <u>Gilligan v. Villanova University</u>, 584 A.2d 1005 (Pa. Super. Ct. 1991) to plaintiff's case was misplaced. The judge relied on <u>Gilligan</u> in denying plaintiff's motion for reconsideration, finding that plaintiff's choice to reject the available, marked crosswalk when traversing the parking lot, the absence of a dangerous condition, and the vagueness of what caused plaintiff's fall support granting summary judgment in favor of defendants.

<u>Gilligan</u> involved a plaintiff's slip and fall while walking across the Villanova University campus. <u>Id.</u> at 1006. The plaintiff was walking on a "sidewalk which ended at some distance" before his destination. <u>Ibid.</u> "This sidewalk ended where another began," which would have provided the plaintiff with indirect access to his destination. <u>Ibid.</u> Instead of using the latter sidewalk, the plaintiff crossed a grassy area in a direct route to the destination and fell. <u>Ibid.</u> At the time, the weather was clear and cold, it was evening, and the plaintiff testified the grassy area was snow-covered, uneven, and hilly. <u>Ibid.</u> On appeal from the trial judge's grant of nonsuit to the defendant, the Pennsylvania Superior Court concluded the plaintiff failed to state a cause of action when he

12

"voluntarily chose to walk upon an allegedly snow-covered grassy area, not intended to be traversed by pedestrians, and subsequently fell." Id. at 1008.

Plaintiff distinguishes Gilligan because here, the ground was not snow-covered, it was mid-day, and she was following other casino patrons through the worn path on the grassy medium that was intended to be traversed. However, the absence of other travelers on the route and the unestablished nature of the plaintiff's path did not contribute to the Pennsylvania Superior Court's decision in Gilligan. See ibid. The Superior Court concluded the plaintiff was familiar with the safe, indirect sidewalk and offered no evidence that the safe pathway was inadequate. Ibid. Although plaintiff testified that she was not aware of the marked crosswalk leading from the parking lot to the casino, she had been to the casino many times and her son testified that he was aware of and used the marked crosswalk on prior visits to the casino. Plaintiff's expert observed multiple signs directing patrons to "Please Use Crosswalk" at the end of various parking lot mediums.

Gilligan is analogous to the facts here, as plaintiff chose to walk on a shortcut through the grassy medium rather than the marked parking lot crosswalks to enter the casino. There is no evidence that the crosswalks were inadequate or not properly maintained. Furthermore, plaintiff cannot assert that

13

the worn path on the grassy medium presents a dangerous condition yet argue that the path was intended for patrons to use. Just as the Superior Court discharged any duty from the defendants in <u>Gilligan</u>, here, defendants should not be liable when plaintiff fell while voluntarily traversing an unmarked shortcut instead of taking the safe, delineated crossway.

Plaintiff's remaining contentions are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1847-20